IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:20CR80 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NICHOLAS ANDREW TRAVIS, | ) | |
| | ) | Omaha, Nebraska |
| Defendant. | ) | June 25, 2020 |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHAEL D. NELSON
UNITED STATES MAGISTRATE JUDGE

A-P-P-E-A-R-A-N-C-E-S

FOR THE PLAINTIFF: Mr. Sean P. Lynch
U.S. Attorney's Office
1620 Dodge Street
Suite 1400
Omaha, NE 68102-1506

FOR THE DEFENDANT: Ms. Mary C. Gryva
Federal Public Defender's Office
222 South 15th Street
Suite 300N
Omaha, NE 68102

TRANSCRIBER: Ms. Lisa Grimminger, RDR, CRR, CRC
100 Centennial Mall North
Room 587
Lincoln, NE 68508
(402) 437-1908

Proceedings recorded by electronic sound recording, transcript produced with computer.

(At 2:05 p.m. on June 25, 2020; with counsel and the defendant present:)

THE COURT: Okay. Going on the record. Good afternoon. We are on the record in United States of America versus Nicholas Andrew Travis. It's Case Number 8:8 -- excuse me, 8:19CR80.

Counsel for the government, please enter your appearance.

MR. LYNCH: Good afternoon, Your Honor. This is Sean Lynch appearing on behalf of the United States.

THE COURT: For the defendant.

MS. GRYVA: Mary Gryva appearing on behalf of the defendant, who's present in court, Your Honor.

THE COURT: Okay.

MR. LYNCH: And Judge, just to clarify, I believe the case --

THE COURT: Yeah.

MR. LYNCH: -- is 8:20CR80.

THE COURT: You are correct. I -- it is Case Number 8:20CR80. Thank you, Mr. Lynch.

Mr. Travis, you have submitted a petition requesting leave to withdraw your previous plea of not guilty and enter a plea of guilty to Count I in the indictment. Before we proceed any further, I must determine whether you consent to proceed before me as a magistrate judge. You have the right to a change of plea hearing before a district judge. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In the alternative you may consent to proceed before me as a magistrate judge. If you consent to proceed before me, at the end of the hearing, I will enter written findings as to what occurred during the hearing. I will then either recommend that your plea of guilty be accepted or not accepted. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: Do you consent to proceed before me as a magistrate judge?

THE DEFENDANT: Yes, sir.

THE COURT: Is it true that you wish to enter your guilty plea today?

THE DEFENDANT: Yes, sir.

THE COURT: I will be asking you some questions about your change of plea and the facts related to the charge. Before I can do that, I will need to place you under oath. If you would please stand and raise your right hand.

(Defendant sworn.)

THE COURT: Please be seated. Do you understand that you're now under oath?

THE DEFENDANT: Yes.

THE COURT: And that your answers to my questions must be truthful?

THE DEFENDANT: Yes.

THE COURT: Do you understand that those answers could later be used against you if there's a charge of perjury or making a false statement?

THE DEFENDANT: Yes.

THE COURT: There are two purposes for the hearing. First, we must be sure that you understand the consequences of a guilty plea, that is, what may happen to you as a result of pleading guilty to any charge against you. Second, your guilty plea must be done freely, voluntarily, and without any threat or force. Do you understand?

THE DEFENDANT: Yes.

THE COURT: If you do not understand any questions or words spoken today, please either ask me or Ms. Gryva to explain them. You may consult with her at any time during this hearing. If necessary, we will take a break so that you can speak privately with her. Do you understand?

THE DEFENDANT: Yes.

THE COURT: What is your full name?

THE DEFENDANT: Nicholas Andrew Travis.

THE COURT: Are you the defendant named in the indictment in this case?

THE DEFENDANT: Yes.

THE COURT: How old are you?

THE DEFENDANT: Thirty-two.

THE COURT: Where were you born?

THE DEFENDANT: Riverside, California.
THE COURT: Highest level of education.
THE DEFENDANT: Some college.
THE COURT: Have you ever been treated for mental illness?
THE DEFENDANT: Yes.
THE COURT: Can you explain that for me.
THE DEFENDANT: I have audio and visual hallucinations, depression, complex PTSD, and anxiety.
THE COURT: How are you feeling today?
THE DEFENDANT: Very anxious.
THE COURT: Okay. Do you need to take a deep breath?
THE DEFENDANT: I just did.
THE COURT: Thank you. Do you feel that you're able to proceed with the hearing today?
THE DEFENDANT: Yes, sir.
THE COURT: Are you on any medications?
THE DEFENDANT: Yes, sir.
THE COURT: What medications are you taking?
THE DEFENDANT: Depakote, Prozac, Risperdal, and hydroxyzine.
THE COURT: Are those related to your mental health conditions?
THE DEFENDANT: Yes, sir.
THE COURT: And by taking them do you -- are they

working for you?

THE DEFENDANT: Yeah, as long as I'm not in stressful situations.

THE COURT: Okay. Well, this is somewhat stressful.

THE DEFENDANT: And it can't be able to -- can't be avoided at that point.

THE COURT: Do you think that the medications will help you think clearly and make sound decisions today?

THE DEFENDANT: Yes, sir.

THE COURT: Have you ever been treated for any addiction to alcohol or drugs?

THE DEFENDANT: No, sir.

THE COURT: Are you under the influence of any alcohol or drugs now except for those medications that you're taking?

THE DEFENDANT: No, sir.

THE COURT: Are there any medications that you're supposed to be taking that you're not?

THE DEFENDANT: No, sir.

THE COURT: So you're following all doctors' orders right now?

THE DEFENDANT: Yes, sir.

THE COURT: So overall do you think that you're thinking clearly and able to make sound decisions today?

THE DEFENDANT: Yes, sir.

THE COURT: Let the record reflect that I've observed the demeanor and conduct of the defendant and I find him to be competent to proceed with this hearing.

Sir, you've previously received a copy of the indictment in this case; correct?

THE DEFENDANT: Yes, sir.

THE COURT: Have you read it, and do you understand the charge against you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with your attorney the nature of the crime -- the crimes charged against you in the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: In your Petition to Enter a Plea of Guilty, you're asking to plead guilty to Count I of the indictment. This charges a violation of Title 18, United States Code, Section 2252(a)2 and (b)1. Is that what you intend to do?

THE DEFENDANT: Yes, sir.

THE COURT: If there was a trial in this matter, the government would be required to prove to a jury each element of the charge beyond a reasonable doubt. The elements are as follows:

First, that you knowingly received a visual depiction of sexually explicit conduct.

Second, that this visual depiction was of a minor and the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct.

Third, the depiction was shipped, transported, and mailed in interstate or foreign commerce by any means, including by computer.

Fourth, that you knew at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

And lastly, that the offenses occurred in the District of Nebraska.

Mr. Lynch, have I properly set forth the elements of the charge?

MR. LYNCH: Yes, Your Honor.

THE COURT: Do you agree, Ms. Gryva?

MS. GRYVA: Yes, I do, Your Honor.

THE COURT: Mr. Travis, do you have any questions about the nature of the charge filed against you or what the government would have to prove in order to convict you of this charge?

THE DEFENDANT: No, sir.

THE COURT: Have you discussed the facts of this case and the evidence the government has against you with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with her any defenses that you think you may have with regard to this charge?

THE DEFENDANT: Yeah. I -- I know what I did was wrong so I always own up to my actions.

THE COURT: Thank you. Are you satisfied with the representation that Ms. Gryva has provided and the advice given to you by her?

THE DEFENDANT: Very, yes.

THE COURT: Do you have any questions, concerns or objections in the -- as to the manner in which you've been represented in this case?

THE DEFENDANT: No, sir.

THE COURT: The law under which you are charged provides certain penalties that could be imposed. These penalties are as follows: Imprisonment for a minimum of five years and a maximum of 40 years, a fine of not more than $250,000, or both such imprisonment and a fine, a supervised release term of at least -- of up to at least a five years up -- excuse me, a supervised release term of at least five years up to life in addition to any term of imprisonment, special assessment of a hundred dollars, possible ineligibility for certain federal benefits.

I also want you to understand that in cases where restitution or forfeiture of property may be authorized or

agreed upon, the Court may issue payment of restitution or an order of forfeiture.

Mr. Lynch, have I properly set forth the statutory penalties?

MR. LYNCH: Yes, Your Honor. I would just add that there is an additional assessment given the charge of $35,000.

THE COURT: And that's an assessment because of the nature of the case?

MR. LYNCH: That's correct, Your Honor.

THE COURT: Okay. Ms. Gryva, with that addition do you agree that those are the statutory penalties that your client is facing?

MS. GRYVA: Yes, Your Honor.

THE COURT: Mr. Travis, do you have any questions about the statutory penalties that you are facing?

THE DEFENDANT: No, sir.

THE COURT: The United States Sentencing Commission has issued guidelines that determine recommended sentencing ranges for convicted federal offenders. Have you spoken to your attorney about the sentencing guidelines and how they could apply to your case?

THE DEFENDANT: Yes, sir.

THE COURT: These guidelines are not mandatory, but they are advisory. In other words, they must be considered, but they do not have to be followed, and you may be sentenced

outside of the advisory guideline range. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the advisory guideline sentencing range will not be determined until after a presentence investigation report has been completed and considered by the Court?

THE DEFENDANT: Yes, sir.

THE COURT: Now, some state penal systems allow parole, which means release from prison before a person has served all of the sentence imposed. However, you are in a court of the United States, a federal court, and in the federal system, parole has been abolished. Do you understand that concerning any sentence to imprisonment under federal law, parole does not exist and, therefore, if you are sentenced to imprisonment, you will not be released on parole?

THE DEFENDANT: Yes, sir.

THE COURT: In addition to any sentence of imprisonment, the Court must include a term of supervised release to be completed after you serve any sentence of imprisonment. During this term you will be supervised by a probation officer, and you will have to comply with certain conditions. Do you understand generally what is meant by "supervised release"?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you violate a

condition of your supervised release, your supervised release may be revoked and you may be returned to prison and required to serve in prison all or a part of the term of supervised release without credit for any time you've already been on supervision?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions about supervised release?

THE DEFENDANT: No, sir.

THE COURT: If your plea of guilty is accepted, you'd be found guilty of a felony. This could later work to your disadvantage. For example, if you are later convicted of another crime, your sentence for that crime could be increased simply because of your conviction in this case. Do you understand?

THE DEFENDANT: Yes.

THE COURT: In addition conviction of this offense may deprive you of eligibility for certain benefits or valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Sir, do you think that you understand all the penalties that you now face under the law?

THE DEFENDANT: Yes.

THE COURT: From a review of your plea agreement, you have agreed to waive your right to withdraw your guilty plea under Federal Rule of Criminal Procedure 11(d). You would otherwise be able to withdraw your guilty plea before -- before it is accepted for any reason or no reason or after it is accepted for any just or fair reason. Given the terms of your plea agreement, you have agreed to waive those rights. You would otherwise be able to do so. Do you understand?

THE DEFENDANT: Yes.

THE COURT: The sentence imposed by the Court could very well be different from the sentence that you and your attorney expect. Do you also understand that that alone would not provide a basis for the withdrawal of your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Regarding your Petition to Enter a Guilty Plea, let me ask you first: Do you read, write and understand the English language?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read the petition and voluntarily sign it?

THE DEFENDANT: Yes, sir.

THE COURT: Did you voluntarily answer each question in the petition?

THE DEFENDANT: Yes, sir.

THE COURT: Under penalty of perjury do you swear

that each of your answers in your petition was truthful?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about anything in your petition?

THE DEFENDANT: No, sir.

THE COURT: Now, with regard to your plea agreement, did you read and sign it and fully discuss it with your attorney?

THE DEFENDANT: Yes.

THE COURT: Please listen carefully. Mr. Lynch is now going to summarize the terms of your plea agreement with the government.

Mr. Lynch.

MR. LYNCH: Thank you, Your Honor.

Mr. Travis, you have agreed to plead guilty to Count I of the indictment today. In exchange for this plea to Count I, the United States will move to dismiss Count II at the time of sentencing. When it -- this agreement is limited to the United States Attorney's Office for the District of Nebraska.

The agreements in regards to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). If you're found to be eligible for a reduction under -- for acceptance of responsibility under United States Sentencing Guidelines 3E1.1(a), the United States will move the Court to reduce the offense level by one additional level pursuant to

United States Sentencing Guidelines 3E1.1(b).

You may request or recommend additional downward adjustments, departures as -- to include criminal history departures under United States Sentencing Guideline Section 4A1.3 and sentence reductions under 18, United States Code, Section 3553(a). The United States will oppose such any *[sic]* adjustments, departures or reductions.

The parties have no agreement in regards to criminal history other than the fact that if you were to be found to be criminal history category -- or if you're found to be a career offender that you'd automatically be at a criminal history category VI. You agree that the factual basis of this plea agreement may be used as relevant conduct. At the time of sentencing, the United States will recommend that you be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

Additionally, you are significantly waiving your right to appeal and collateral attack.

THE COURT: Ms. Gryva, are those the terms of the plea agreement between your client and the government as you understand them?

MS. GRYVA: It is, Your Honor.

THE COURT: And does the written plea agreement contain all of the terms of the entire plea agreement between your client and the government?

MS. GRYVA: Yes, Your Honor.

THE COURT: Mr. Travis, do you agree that those are the terms of the plea agreement and that the written plea agreement contains all the terms, conditions and promises of your agreement with the government in this case?

THE DEFENDANT: Yes, sir.

THE COURT: In your plea agreement you waive or give up the right to appeal your conviction and any sentence imposed upon you except in certain circumstances as set forth in the plea agreement. You would otherwise have the right to appeal. Do you understand that you're giving up that right?

THE DEFENDANT: Yes, sir.

THE COURT: You are also waiving and giving up the right to file any post-conviction proceedings except in certain circumstances as set forth in your plea agreement. Do you understand that you're giving up that right?

THE DEFENDANT: Yes, sir.

THE COURT: Ms. Gryva, were there any offers of a plea agreement made by the government that you did not fully and accurately discuss with your client?

MS. GRYVA: No, Your Honor.

THE COURT: Mr. Travis, did you have a full opportunity to consider any and all plea offers made in this case?

THE DEFENDANT: Yes.

THE COURT: Did you voluntarily sign the written plea agreement with the government?

THE DEFENDANT: Yes.

THE COURT: Did anyone made any promises to you or threaten you to get you to sign the plea agreement?

THE DEFENDANT: No.

THE COURT: And do you have any questions about your plea agreement?

THE DEFENDANT: No, sir.

THE COURT: You do have certain constitutional rights which you give up when you plead guilty. Please listen carefully because I will be asking whether you understand that you have each of these rights and whether you voluntarily give up these rights.

You have the right to plead not guilty to any offense charged against you and to go to trial on any charge filed against you in this case.

You have the right to a speedy and public trial.

You have the right to assistance of an attorney without cost to you if you cannot afford an attorney.

You have the right to a trial and to have a jury determine whether the government has proved beyond a reasonable doubt each and every element of the charged offense.

You have the right to see and hear all witnesses and cross-examine any person who is a witness against you.

You have the right to decline to testify at your trial so that you cannot be compelled to incriminate yourself.

You have the right to testify in your own defense if you do choose to testify in your trial, and you have the right to subpoena and present witnesses or other evidence to assist you during your trial, and deciding not to testify or putting on any evidence cannot be used against you.

Do you understand that under the Constitution of the United States, you have and can use all of these rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if your plea of guilty is accepted, there will not be a trial on this -- on these *[sic]* charge filed against you because when you plead guilty, you give up your right to a trial?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that if your plea of guilty is accepted, you give up your right to challenge the manner in which the government obtained its evidence against you, for example, the manner in which you were questioned or the manner in which you, your home, or your property was searched?

THE DEFENDANT: Yes.

THE COURT: To get you to waive these constitutional rights, has anyone connected with law enforcement or anyone else threatened you, directly or indirectly, used any force

against you or promised you anything outside of your written plea agreement?

THE DEFENDANT: No.

THE COURT: Have you discussed all of these constitutional rights with your attorney?

THE DEFENDANT: Yes.

THE COURT: And do you freely and voluntarily give up all these constitutional rights with respect to the charges set forth in the indictment in this case?

THE DEFENDANT: Yes.

THE COURT: Is there any forfeiture allegation in this case?

MR. LYNCH: No, Your Honor.

THE COURT: After consideration of the responses of the defendant in this case to all questions asked thus far, I now find the defendant is competent to plead, understands the nature of the charges filed against him and the possible penalties that could be imposed, understands his rights, willingly, voluntarily, and knowingly waives those rights, and fully understands the consequences of waiving those rights, including the fact that there will be no trial in this case because he is pleading guilty. I therefore accept the defendant's waiver of his rights.

Mr. Travis, knowing and understanding everything in your petition to enter your plea of guilty, your written plea

agreement, and everything discussed during this hearing, how do you now plead to Count I of the indictment in this case?

THE DEFENDANT: Guilty.

THE COURT: To get you to plead guilty to the charge set forth in Count I in the indictment, has anyone connected with law enforcement or anyone else threatened you, directly or indirectly, used any force against you, or promised you anything other than what's contained in your written plea agreement?

THE DEFENDANT: No.

THE COURT: Are you freely and voluntarily pleading to Count I of the indictment?

THE DEFENDANT: Yes.

THE COURT: And are you, in fact, guilty of the charge set forth in that count?

THE DEFENDANT: Yes.

THE COURT: I'm now going to ask Mr. Lynch to tell me generally what facts the government would expect to prove at your trial in order to convict you of the charge to which you're pleading guilty. Please listen carefully.

MR. LYNCH: Your Honor, if this matter were to proceed to trial, I'd anticipate the government's evidence to prove beyond a reasonable doubt that on or about January 24th of 2020, special agents with Homeland Security Investigations executed a search warrant at the defendant's apartment at the

Open Door Mission in Omaha, Nebraska. During that search warrant the special agents seized the defendant's cell phone.

At the time of the execution of the search warrant, the defendant was interviewed and admitted to the special agents that he had used his cell phone to download child pornography from the internet while at his apartment in Omaha, Nebraska. As one method to receive child pornography, the defendant admitted that he had paid an unknown individual $130 for access to a Mega.nz account to download child pornography. Mega.nz is a file sharing service which is based in New Zealand.

Forensic examination of the defendant's cell phone was conducted, and 3,000 -- 3,127 images and videos depicting children, specifically girls between the ages of three to ten, engaging in sexually explicit conduct were found on the defendant's cell phone.

THE COURT: Mr. Travis, do you agree to all the facts set forth in your plea agreement with the government and those facts recited by Mr. Lynch?

THE DEFENDANT: Yes, sir.

THE COURT: Do you -- do you agree that the government would be able to prove all these facts?

THE DEFENDANT: Yes, sir.

THE COURT: Are those facts true?

THE DEFENDANT: Yes, sir.

THE COURT: And is that what happened in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Lynch, do you certify that the defendant's guilty plea is freely, voluntarily, knowingly, intelligently made and that there's a factual basis for his guilty plea?

MR. LYNCH: Yes, Your Honor.

THE COURT: Any questions that should be posed to him?

MR. LYNCH: No, sir.

THE COURT: Ms. Gryva, do you certify that your client's guilty plea is freely, voluntarily, knowingly, intelligently made and that there's a factual basis for his guilty plea?

MS. GRYVA: I do, Your Honor.

THE COURT: Any questions that you believe should be posed to him?

MS. GRYVA: I don't believe so.

THE COURT: The Court now finds the defendant's competent and capable of entering an informed plea to the charge against him, he is aware of the nature of the charge and the consequences of his guilty plea, his guilty plea is knowing and voluntary and supported by a factual basis concerning each essential element of the offense charged in Count I of the indictment, and he is aware that his answers during these proceedings could be used against him if there's later a charge

of perjury or false statement.

Sir, I will recommend that your guilty plea be accepted and order a presentence investigation report to be prepared. The presentence process may include an interview so that you can provide all information useful in determining your sentence and appropriate classification, programming and supervision matters. Your level of cooperation or participation is important and should be discussed with your attorney, who is very experienced in these matters.

Any determination concerning the defendant's plea agreement, that is, whether to accept or reject the plea agreement, will be deferred until the Court has examined the presentence investigation report. I will enter an order on sentencing schedule that will be available on CM/ECF at the conclusion of today's hearing.

The sentencing hearing will be scheduled to take place before Judge Buescher on September 23rd, 2020, at 11 o'clock in the morning. September 23rd, 2020, 11 o'clock in the morning.

Defendant has been in custody pending trial or further proceedings in this matter. He'll remain detained. He'll be remanded to the custody of the United States Marshal pending the sentencing hearing or further order of the Court.

Are there further matters that need to be addressed on behalf of the government today?

MR. LYNCH: No, Your Honor. Thank you.

THE COURT: You're welcome.

On behalf of the gov- -- the defendant.

MS. GRYVA: No, Your Honor.

THE COURT: Okay. Good luck, sir.

We are adjourned. Parties are excused.

MS. GRYVA: Thank you, Your Honor.

(Adjourned at 2:27 p.m.)

* * * * * * * *

I, Lisa G. Grimminger, certify that the foregoing is a correct transcription to the best of my ability from the digital recording of the proceedings held in the above-entitled matter.

*/s/Lisa G. Grimminger* July 20, 2020
Lisa G. Grimminger, RDR, CRR, CRC Date